IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAUL A. SMITH,

    Plaintiff-Petitioner,

    vs.

    Case No. 3:06cv167

GORDON LANE, WARDEN,

    JUDGE WALTER HERBERT RICE

    Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13), AND OVERRULING PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14); JUDGMENT TO ENTER IN FAVOR OF THE DEFENDANT-RESPONDENT AND AGAINST PLAINTIFF-PETITIONER, DISMISSING PLAINTIFF-PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DOC. #2), AS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS; CERTIFICATE OF APPEALABILITY AND ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge, filed June 22, 2007 (Doc. #13), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts said Report and Recommendations in their entirety. The Plaintiff-Petitioner's Objections to said judicial filing (Doc. #14) are overruled.

It is crystal clear from a review of this file that the Petitioner's Petition for Writ of Habeas Corpus (Doc. #2) is barred by the applicable one-year statute of limitations, a period that expired on April 24, 1997. No pleadings that might have statutorily tolled the running of that statute had been filed or were pending on that date. Moreover, even assuming, *arguendo*, that Petitioner had shown his entitlement to use the later start date of 28 U.S.C. Section 2244(d)(1)(D), the one-year period of limitations expired years before the Petition at issue herein was filed. Finally, the doctrine of equitable tolling is unavailing to the Petitioner, given his failure to establish an actual innocence claim.

Given that this Court's conclusion that Petitioner's Petition is time barred is not debatable by or among jurists of reason and that Petitioner has failed to make a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. Further, given that any appeal from this Court's decision would be <u>objectively</u> frivolous, this Court would deny any anticipated motion for leave to appeal *in forma pauperis*.

Finally, given that the bar of the statute of limitations is clear, beyond the ability of any counsel to demonstrate to the contrary, the Petitioner's Motion to Appoint Counsel (Doc. #11) is overruled.

Judgment will be entered in favor of the Defendant-Respondent and against the Plaintiff-Petitioner, dismissing the Plaintiff-Petitioner's Petition for Writ of Habeas Corpus as barred by the applicable one-year statute of limitations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 25, 2007

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Paul A. Smith, Pro Se
Stephanie L. Watson, Esq.
M. Scott Criss, Esq.
Magistrate Judge Sharon L. Ovington

WHR:slc